IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROGER GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) |
| | ) |
| MARVIN WINDOWS OF TENNESSEE, INC. | ) |
| | ) JURY TRIAL |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, ROGER GRAY, by and through his attorneys, alleges for his Complaint as follows:

**I. INTRODUCTION**

1. Plaintiff brings this action against MARVIN DOORS OF TENNESSEE, INC. for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq*.

**II. THE PARTIES**

**A. THE PLAINTIFF**

2. Plaintiff, ROGER GRAY, currently resides in Ripley, Tennessee and is a citizen of the United States.

3. Plaintiff had over ten (10) years of service as an employee of Defendant, working as an over the road truck driver, hauling to places as far as Seattle, Washington.

4. Plaintiff is an FMLA "eligible employee", specifically under 29 U.S.C. Section

2611(2)(A), i.e. one who worked more than 1,250 hours in the 12 month period preceding his leave.

### B. THE DEFENDANT

5.   Defendant, MARVIN WINDOWS OF TENNESSEE, INC., is located within the Western District of Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A).

6.   At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

7.   The Defendant is bound by the rules and regulations of the Family and Medical Leave Act, as well as Tennessee's common law against retaliatory discharge.

### III. JURISDICTION AND VENUE

8.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). It has supplemental jurisdiction over the Plaintiff's state law claim. 28 U.S.C. 1367.

9.   Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c).

### IV. FACTS

10.   Plaintiff sustained a head injury in May of 2011 in the course and scope of his employment. He made a "claim" under workers compensation by alerting Defendant and then seeking medical treatment covered by workers compensation.

11.   In June of 2011, with no quick recovery and the need for additional tests, Plaintiff's physicians took him off work for a continuous period of time. Thus, Plaintiff received workers compensation benefits and his leave qualified under the FMLA as one for a "serious health condition" (head injury requiring multiple treatments and continuous time off work).

12. In August of 2011, Defendant's human resources manager, Kent Carter, called Plaintiff to a meeting. In this meeting, Defendant, through Mr. Carter, advised Plaintiff that it heard he had mowed his grass while off on workers compensation. Plaintiff said, "Well, yeah, Kent, I did mow my grass on my riding lawn mower." Of course, Plaintiff's Husqvarna riding lawn mower was hardly the equivalent of an over-the-road truck on the interstate with other cars. In other words, being able to ride a lawnmower in one's yard did not mean that Plaintiff was *also* able to return to his interstate trucking job. Put differently, being unable to perform one's trucking job does not mean one is completely disabled at home too.

13. There is no requirement that, while on workers compensation or FMLA, that Plaintiff draw the blinds clothes and lie in bed. Rather, he was just unable to return to his line of work—that of driving an over the road truck in interstate commerce.

14. Nevertheless, Defendant, through Mr. Carter, stated that, in order to receive workers compensation, Plaintiff was "not supposed to be doing *anything*" and since Plaintiff had ridden a lawnmower, he was engaged in theft of workers compensation money.

15. On or about August 11, 2011, Defendant terminated Plaintiff on the alleged grounds that he stole workers compensation while out on leave because he dared drive a riding lawn mower.

16. Defendant's termination is inconsistent with the letter and spirit of workers compensation laws and the FMLA. To be off, Plaintiff need only be unable to perform *his* job, not unable to perform any other routine task.

17. The termination has cost Plaintiff his job (back pay and front pay or reinstatement), his benefits, and has caused him worry, anxiety, and distress. Under workers compensation retaliatory discharge, he seeks these damages, along with punitive damages for the intentional deprivation of his rights. Under the FMLA, he seeks his job (back pay and front pay or

reinstatement), his benefits, liquidated damages for the willful violation, and his attorneys fees and costs.

## V. RETALIATORY DISCHARGE FOR EXERCISING WORKERS COMPENSATION RIGHTS

18.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-17 herein. By its actions alleged herein, Defendant violated Tennessee retaliatory discharge law, to wit, Plaintiff's exercise of rights to workers compensation (including leave, and payment while on leave) was a substantial motivating factor in his termination of employment. Defendant should be enjoined from standards beyond the Tennessee workers compensation law for the receipt of leave and temporary total disability benefits.

## VI. FMLA INTERFERENCE

19.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-17 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise his rights under the FLMA.  To wit, Defendant did not afford Plaintiff a leave without interference or reinstate him at the conclusion of his leave. Additionally, Defendant imposed requirements beyond the FMLA against Plaintiff.

## VII. – FMLA RETALIATION

20.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-17 herein.  By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the Plaintiff for exercising his rights under the FMLA.  Plaintiff did request time off work which qualifies under FMLA (use of words "FMLA" is not required), Plaintiff did use FMLA qualifying leave, and, but for Plaintiff's appropriate use of leave (including engaging in

reasonable activities dissimilar to his truck driving job), Plaintiff would not have been terminated. Thus, Plaintiff's leave was a substantial factor and/or mixed motive for terminating Plaintiff's employment.

## VIII. PRAYER FOR RELIEF

21. WHEREFORE, the Plaintiff prays for the following relief:

   A. That proper process issue along with a copy of this complaint requiring the Defendants to appear and answer;

   B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest, along with compensatory damages for emotional harm, and punitive damages to deter such action in the future;

   C. Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

   D. Reasonable attorneys' fees;

   E. The costs and expenses of this action;

   F. Such other legal and equitable relief to which Plaintiff may be entitled; and

   G. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301

Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF